## 21577. CREED *v.* THE STATE.

DECIDED JUNE 19, 1931.

*H. L. Jackson,* for plaintiff in error.

*H. C. Morgan, solicitor-general,* contra.

BROYLES, C. J. Creed was indicted under section 20 of the act of the General Assembly, approved August 26, 1925 (Acts 1925, p. 302), which makes it a misdemeanor, from and after the approval of the act, "for any person to take from any of the fresh-water streams of this State any fish with seine, net, gig . . for a period of five years." The indictment charged that the offense (taking fish from a certain fresh-water stream with a seine) was committed on the 16th day of September, 1930, which was about 20 days after the five-year period had expired; and the defendant made a timely motion to quash the indictment, on the ground that it showed on its face that if the defendant caught fish with a seine, it was done after the expiration of the five-year period as provided in the statute, and was not in violation of any law of the State; and that after the expiration of such five-year period the only law applicable was section 612 of the Penal Code, which provides as follows: "If any person shall catch . . any fish with seine . . from any of the waters of this State between the first day of February and the first day of July in each year, . . he shall be guilty of a misdemeanor." The motion to quash the indictment was overruled, and the defendant excepted. In our opinion the motion was good. It is true that section 22 (6) of the act of 1925 empowers the State Board of Game and Fish "to adopt any other rule or regulation having for its purpose the conservation and propagation of the fish and game of the State; provided, however, that *none of the rules and regulations shall in any wise conflict with the established laws of the State*" (italics ours) ; and it is provided in section 26 of the act that any person who shall violate any rule or regulation duly adopted by the Board of Game and Fish *pursuant to the provisions of this act* shall be guilty of a mis-

· demeanor (italics ours). These sections of the act, properly construed together, empower the Board of Game and Fish to adopt any rule or regulation for the conservation and propagation of fish and game, *only when such rule or regulation does not conflict with any statute of this State*. In this case the regulation adopted by the board, which in effect extended the provisions of section 20 of the act of 1925 for a period of one year from August 26, 1930, was in conflict with section 612 of the Penal Code of 1910, which provides in effect that it is unlawful to catch fish with seine, net, gig, or like device, from any waters of the State, only when such catching is done between the first day of February and the first day of July in each year. The indictment, setting out that the alleged offense was committed on the 16th day of September, 1930, failed to show a violation of any law of the State, and the court erred in refusing to quash the indictment; and that error rendered the further proceedings in the case nugatory.

*Judgment reversed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*